PAULINO SOMOHANO, Plaintiff and Appellant, *v.* ESTEBAN MATANZO, Defendant and Appellee.

No. 5040. Argued December 11, 1930.—Decided April 17, 1931.

*Rincón & Arroyo* for appellant. *E. Campos del Toro* and *G. Benítez Gautier* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

In this case a judgment of dismissal, with costs, was ordered. The plaintiff did not appeal, and, upon the judgment becoming final (*firme*), the defendant filed a memorandum of costs and disbursements in which he claimed $200 as attorney's fees. The plaintiff objected on the ground, among others, that the court had no power or authority to allow costs. The court finally approved the memorandum and

122

granted $75 as attorney's fees. It is from this ruling that the plaintiff has appealed.

He maintains in his brief that the court lacked jurisdiction to impose costs. The court not only had jurisdiction but it was bound to impose costs precisely because a judgment of dismissal was involved, in accordance with the express provisions of subdivision 1 of section 192 of the Code of Civil Procedure. *McEvoy* v. *Nadal et al.,* 34 P.R.R. 610.

Besides, if the plaintiff objected to the imposition of costs he ought to have appealed from the judgment. In *García* v. *P. R. Ry. Light & Power Co.,* 30 P.R.R. 420, it was held that "the appellant may plead an abuse of discretion in the imposition of costs in an appeal from the judgment, but not in an appeal from an order approving the memorandum of costs."

Once costs are imposed without excluding attorney's fees, the prevailing party may claim such fees. See *McEvoy* v. *Nadal et al., supra;* also *Hernández* v. *Heirs of Córdova et al.,* 31 P.R.R. 604, where it was held, to quote from the syllabus, that: "A defendant may recover attorney's fees in a memorandum of costs presented in consequence of a nonsuit judgment with costs entered before trial."

We do not think that the amount awarded by the court is excessive.

The order appealed from must be affirmed.

Mr. Justice Wolf took no part in the decision of this case.